## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: ) | |
| ) | |
| MECHANICAL INSULATION ) | Case No. 17-17462-CDP |
| SYSTEMS, INC. ) | Chapter 7 |
| ) | |
| *Debtor.* ) | |

**NOTICE OF TRUSTEE'S COMBINED MOTION SEEKING:**

**(A)  APPROVAL OF SETTLEMENT OF LANDLORD ADMINISTRATIVE RENT CLAIM**

**(B)  AUTHORITY TO:**
**(i)  SELL PERSONAL PROPERTY OF THE ESTATE BY PUBLIC AUCTION FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES OR OTHER INTERESTS;**
**(ii)  EMPLOY AND COMPENSATE AUCTIONEER;**
**(iii)  PAY LARIMER COUNTY TAX LIEN FROM AUCTION PROCEEDS; AND**

**(C)  ORDER SUSPENDING 14 DAY STAY**

## OBJECTION DEADLINE IF SHORTENED
## NOTICE GRANTED:  <u>SEPTEMBER 29, 2017\*</u>

YOU ARE HEREBY NOTIFIED that Joli A. Lofstedt, the Chapter 7 Trustee ("*Trustee*") of the bankruptcy estate of Mechanical Insulation Systems, Inc. ("*Debtor*"), has filed Trustee's Combined Motion Seeking (A) Approval of Settlement of Landlord Administrative Rent Claim; (B) Authority to: (i) Sell Personal Property of the Estate by Public Auction Free and Clear of All Liens, Claims, Encumbrances or Other Interests; (ii) Employ and Compensate Auctioneer; (iii) Pay Larimer County Tax Lien from Auction Proceeds; and (C) Order Suspending 14 Day Stay (the "*Motion*").

### I. BACKGROUND

1.      Debtor filed for Chapter 7 bankruptcy on August 11, 2017 (the "*Petition Date*"). Debtor is a closely-held company and was a construction subcontractor offering tank, pipe and equipment insulation services, electrical heat trace, removable reusable insulation blankets, industrial insulation, blast cleaning services and sandblasting services.  Trustee is the duly appointed and acting Chapter 7 trustee of the bankruptcy estate of Debtor.

2.      Debtor ceased operating shortly prior to the Petition Date because of severe cash flow issues.  At the time it ceased operating, Debtor showed $424,621.35 in outstanding accounts receivable (the "*Accounts Receivable*"), including account receivables owed for work completed on the new CSU stadium in Fort Collins.

3. Debtor leased its office space and warehouse (the "*Business Premises*") from Ronald E. Lewis (the "*Landlord*"). Debtor's lease with the Landlord had expired and Debtor was continuing to rent the Business Premises on a month-to-month basis. The monthly rent was $2,500. Debtor paid rent through July of 2017. August and September rent have not been paid. On its schedules, Debtor stated that the Landlord held a $2,500 security deposit related to the lease for the Business Premises but Landlord purchased the property from the previous owner and does not show that the Landlord acquired the security deposit.

4. Debtor owned the following motor vehicles on the Petition Date (collectively the "*Vehicles*"):

    a. **2011 Dodge Ram 3500 Pickup (the "*Dodge Ram*")**: Debtor valued the Dodge Ram at $40,000 and listed Ally Financial as the lienholder on the Dodge Ram securing approximately $23,958.00.

    b. **2012 GMC Safari Van (the "*GMC Van*")**: Debtor valued the GMC Van at $12,000 and listed Ally Financial as the lienholder on the GMC Van securing approximately $8,959.00.

    c. **2006 GMC Isuzu 16 Foot Box Truck VIN J8DC4B16867008555 (the "*GMC Box Truck*")**: Debtor valued the GMC Box Truck at $5,000. Debtor did not list a lienholder on the GMC Box Truck.

5. On the Petition Date, Debtor also owned various raw materials, work in progress, finished goods and other inventory and/or insulation supplies, office furniture, office equipment, a 2000 26-foot enclosed fabrication trailer and machinery, fixtures and other equipment (collectively the "*Business Assets*"). On the bankruptcy schedules, Debtor valued the Business Assets at approximately $54,000 in the aggregate. Attached as **Exhibit A** to the Motion is an inventory list of all of the Business Assets. Attached hereto as **Exhibit B** is a list of the Business Assets that were moved from the Business Premises and are being stored and Dickensheet's warehouse in Denver.

6. Pursuant to 11 U.S.C. § 541, upon filing bankruptcy all of Debtor's unencumbered non-exempt personal property, including the Accounts Receivable, the Vehicles and the Business Assets became property of the bankruptcy estate.

## II. MOTION TO SELL PURSUANT TO BANKRUPTCY CODE § 363(b) AND (f)

7. Pursuant to 11 U.S.C. §704, Trustee is charged with collecting and reducing the non-exempt personal property of the estate to money. Section 363(b) of the Bankruptcy Code provides that Trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate. In this Motion, Trustee is seeking authority to sell the GMC Box Truck and the Business Assets in accordance with § 363(b) by public auctions to be conducted by Dickensheet pursuant to the terms and conditions set forth below.

8. Pursuant to 11 U.S.C. § 363(f), Trustee may sell property of the estate under §363(b) free and clear of any lien, claim encumbrance or other interest in such property held by entity other than the estate if, among other things, (a) such entity consents, (b) such interest is a lien and the price to be paid for the property to be sold is greater than the amount of the lien, (c)

such entity would be compelled to accept a money satisfaction of its interest; or (d) such interest is in bona fide dispute.

9.  Debtor listed a claim for Larimer County Treasurer for unpaid personal property taxes in an unknown amount. Trustee is informed and believes that the personal property taxes are assessed against the Business Assets and the 2016 personal property taxes due and payable in 2017 were approximately $311 and have been paid in full. Trustee is informed and believes that Larimer County has a first priority lien against the Business Assets for approximately $315 to secure the 2017 personal property taxes due and payable in 2018 (the "*Larimer County Tax Claim*"). The price to be paid for the Business Assets should exceed the amount of the Larimer County Tax Claim allowing Trustee to sell the Business Assets free and clear of such lien pursuant to § 363(f). In the Motion, Trustee is requesting authority to pay the Larimer County Tax Claim in full from the auction proceeds received from the Business Assets.

10. Debtor scheduled a withholding tax claim in favor of the Colorado Department of Revenue ("*CDOR*") in the amount of $36,041.00. The CDOR is asserting a claim in excess of $80,000 for unpaid withholding taxes and interest (the "*CDOR Withholding Tax Claim*"). The CDOR has a statutory lien pursuant to Colo. Rev. Stat. §39-22-604(7)(a) against all of the estate assets to secure the its unpaid withholding tax claim. Pursuant to 11 U.S.C. § 724(b), the CDOR statutory lien securing the CDOR Withholding Tax Claim may be surcharged to pay allowed administrative claims and other claims entitled to priority under § 507(a)(1) to § 507(a)(7). Trustee has been in contact with counsel for the CDOR and is authorized to represent that the CDOR consents to a sale of the GMC Box Truck and Business Assets free and clear of its statutory lien pursuant to the terms set forth herein; provided its lien attaches to the auction proceeds.

11. Debtor scheduled employment tax claims in favor of the Internal Revenue Service ("*IRS*") in the amount of $108,032 for 941 withholding taxes and $1,441.00 for 940 unemployment taxes. The IRS did not file a Notice of Tax Lien with the Colorado Secretary of State prior to the Petition Date and therefore, Trustee disputes any secured claim asserted by the IRS.

12. Guaranty Bank and Trust Company ("*Guaranty Bank*") asserts a claim against Debtor in the approximate amount of $58,000 and claims a blanket security interest in substantially all of the estate assets, including but not limited to the Business Assets, to secure its debt. Guaranty Bank does not assert a secured claim in the Vehicles. Trustee is informed and believes that Guaranty Bank timely filed financing statements and continuation statements to perfect and continue perfection of its security interest in its collateral. However, Trustee believes that Guaranty Bank's security interest is junior to the statutory lien securing the CDOR Withholding Tax Claim. Trustee has been in contact with counsel for Guaranty Bank and is authorized to represent that Guaranty Bank consents to a sale of the Business Assets free and clear of its security interests pursuant to the terms and conditions set forth herein; provided Guaranty Bank's security interest attaches to the auction proceeds from a sale of the Business Assets in the same order and priority as its security interest held prior to sale.

13. Home State Bank has a blanket security interest on file with the Colorado Secretary of State. Trustee is informed and believes that Guaranty Bank acquired Home State Bank and that the Home State Bank debt is the same debt as Guaranty Bank's debt.

14. At this time, Trustee is not seeking authority to sell the Dodge Ram or the GMC Van which are subject to Ally Financial lien claims. Trustee believes that these Vehicles are also subject to the statutory lien in favor of the CDOR to secure the CDOR Withholding Tax Claim.

15. Trustee is unaware of any other liens, claims, encumbrances or other interests in the GMC Box Truck or the Business Assets.

16. After ongoing discussions, Trustee, Guaranty Bank, the Landlord and the CDOR (collectively, the "*Parties*") have entered into an agreement regarding the Landlord's claim for post-petition rent and for use of the Business Premises to conduct an online auction of the Business Assets (the "*Agreement*"). The Agreement provides that the Landlord will have an allowed administrative claim for post-petition rent for $5,000 which shall be paid from the auction proceeds in exchange for the Landlord allowing the estate to conduct an online at the Business Premises. Upon payment of the $5,000, Landlord shall release Trustee, the bankruptcy estate and Dickensheet from any claim for rent or any and all other claims related to the Business Premises. The Agreement is attached to the Motion as **Exhibit C.**

17. Trustee asserts the Agreement is fair and reasonable and in the best interest of the estate. Although Trustee estimates that there will be minimal unencumbered equity for the bankruptcy estate, Trustee seeks to sell the GMC Box Truck and Business Assets to reduce the secured claims in an effort to free-up Accounts Receivables for the bankruptcy estate. Further, the Agreement provides for a prompt sale of the estate assets to minimize costs associated with moving and storing such assets and resolves any disputes with the Landlord for use of the Business Premises post-petition.

### III. SALE BY PUBLIC AUCTION AND COMPENSATION OF AUCTIONEER

18. In the Motion, Trustee seeks to employ Dickensheet as a professional person pursuant to 11 U.S.C. § 327(a) and Fed.R.Bankr.P. 2014 to conduct the public auctions of the GMC Box Truck and the Business Assets. Trustee intends to sell the Business Assets listed on **Exhibit C** attached to the Motion at Dickensheet's next general auction scheduled for **October 7, 2017** at Dickensheet's business location, 1501 W. Wesley Boulevard, Denver, Colorado 80223 ((303) 934-8322) beginning at 11:00 a.m. (inspection the day before the auction from 9:00 am to 5:00 pm and starting at 9 a.m. on October 7th), or at such later available auction date to be determined by Dickensheet and Trustee.

19. Dickensheet intends to conduct an online public auction of the GMC Box Truck and Business Assets not listed on **Exhibit B** that will end on **October 5, 2017** from the Business Premises, or at such later available date as approved by the Bankruptcy Court and as determined by the Trustee. The GMC Box Truck and Business Assets other than those listed on **Exhibit B** will remain at the Business Premises. The successful purchaser will be required to pay its bid price online and pick up the purchased assets from the Business Premises no later than October 6, 2017. If successful purchasers fail to pick up their purchased assets by October 6, 2017, Dickensheet will use its best efforts to move the assets to its warehouse in Denver and may charge the successful purchasers an additional cost for moving such assets. Trustee will surrender possession of the Business Premises to the Landlord by October 7, 2017.

20. If assets are not sold during the online auction, Trustee intends to have Dickensheet use its best efforts to determine which assets have value and move the assets with value to Dickensheet's warehouse to be sold at its next scheduled general auction. For those assets determined to have minimal value, Trustee intends to abandon or dispose of such assets.

21. Dickensheet is an experienced auctioneer in the Denver area. Subject to the supervision and further order of this Court, Dickensheet will perform the following services:

    (a) Prepare the GMC Box Truck and Business Assets for sale;
    (b) Advertise the GMC Box Truck and Business Assets for sale and advertise the date, time and place of the live and online auctions;
    (c) Conduct the live and online public auctions;
    (d) Collect and remit all proceeds of sale to Trustee;
    (e) Account for and pay all sales taxes due as a result of such sales; and
    (f) Prepare and file a report of sale after the sale showing the name of the purchaser and the sales price of each asset.

22. Trustee requests authority to pay to Dickensheet a ten percent (10%) commission on the gross proceeds received from a sale of the GMC Box Truck and a fifteen percent (15%) commission on the gross proceeds received from a sale of the Business Assets. For the online auction, Dickensheet also intends to charge a 3% buyer's premium to the successful purchaser.

23. The Trustee intends to reimburse Dickensheet for all actual and necessary costs and expenses incurred in the process of preparing the GMC Box Truck and Business Assets for sale and selling such assets. Dickensheet estimates the maximum expenses associated with the general auction and online auction sale will not exceed a total of $1,000.00.

24. Trustee believes that the rates to be charged by Dickensheet are customary and standard rates charged by auctioneers in the Denver area.

25. To the best of the Trustee's knowledge, Dickensheet is a disinterested person and does not hold or represent an interest adverse to the Trustee or the estate. Dickensheet does not have any connection with the Trustee, Debtor, the creditors, or any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; except that Dickensheet has been employed by Trustee in other unrelated cases and matters and by Trustees and attorneys in Trustee's law firm in other unrelated cases and in other unrelated matters.

### IV.  MOTION TO SUSPEND 14-DAY STAY

26. To order to vacate the Business Premises by October 7, 2017 and to include the Business Assets listed on **Exhibit B** in the October 7, 2017 general auction, Trustee requests that the Court suspend the 14-day stay under Fed.R.Bankr.P. 6004(h).

## V. CONCLUSION

Trustee believes that there are sound business reasons for selling the GMC Box Truck and Business by public auctions to be conducted by Dickensheet in the manner described in the Motion and that the auctions are in the best interest of the estate and creditors.

*Trustee has contemporaneously herewith requested shortened notice of the Motion, <u>requesting that the Court shorten the notice period for the Motion from twenty-one (21) days to fourteen (14) days</u>. If the Court grants the shortened notice period and if you wish to oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before the deadline stated above, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections.

<u>If the Court does not grant Trustee's request to shorten notice</u>, and if you desire to oppose the Motion or object to the requested relief, your objection and request for hearing must be filed on or before **October 6, 2017**, served on the movant at the address indicated below, and must state clearly all objections and any legal basis for the objections. The court will not consider general objections.

In the absence of a timely and substantiated objection and request for hearing by an interested party, the Court may approve or grant the requested relief without further notice to creditors or other interested parties.

Dated: September 15, 2017.	Respectfully submitted,

*/s/ Joli A. Lofstedt*
Joli A. Lofstedt, Chapter 7 Trustee
950 Spruce Street, Suite 1C
Louisville, CO 80027
Tel. (303) 661-9292
Fax (303) 661-9555
joli@clpc-law.com